**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
CAROL CORMIER, RONALD            )
CORMIER, and VERA MONAGHAN       )
    Plaintiffs,                  )
v.                               )    C.A. No.12-12237
                                 )
FEDERAL HOME LOAN MORTGAGE       )
CORPORATION, et al.,             )
    Defendants.                  )
_____)


**DEFENDANT, FEDERAL HOME LOAN MORTGAGE CORPORATION'S**
**ANSWER TO PLAINTIFFS' VERIFIED COMPLAINT**

Defendant, Federal Home Loan Mortgage Corporation ("Defendant") herby answers Plaintiffs' verified complaint as follows:

**JURISDICTION**

1. Admitted.

**PARTIES**

2. Admitted upon information and belief.

3. Admitted upon information and belief.

4. Admitted upon information and belief.

5. Admitted.

6. Admitted upon information and belief.

## **FACTS**

7. No response is required as the referenced document speaks for itself.

8. No response is required as the referenced document speaks for itself.

9. No response is required as the referenced document speaks for itself.

10. No response is required as the referenced document speaks for itself.

11. No response is required as the referenced document speaks for itself.

12. Admitted upon information and belief.

13. Denied to the extent that Plaintiffs reference a "Guide" as no specific citation or exhibit is provided to identify the same. Otherwise admitted.

14-21. Admitted upon information and belief.

22-36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

37. Admitted to the extent that a foreclosure sale was scheduled for July 22, 2010. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations.

38-41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

42. Admitted to the extent that a foreclosure sale occurred on July 22, 2010. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations.

43. Admitted.

44. Admitted.

45. Denied.

46. Admitted upon information and belief.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

48. Denied.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

50. Denied.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

55. Admitted to the extent that there were multiple calls between Plaintiffs and Defendant between July 2010 and June 2011. Otherwise denied.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

57. Admitted to the extent that Defendant served Plaintiffs with an eviction summons and complaint. Otherwise denied.

58. Denied.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

60. Admitted.

61. Admitted.

62. Denied.

63. Admitted upon information and belief.

64. Admitted.

65. Admitted.

66. Denied.

67. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. This is a conclusion of law, to which no response is required. To the extent that it states a claim against Defendant, denied.

73. This is a conclusion of law, to which no response is required. To the extent that it states a claim against Defendant, denied.

74. This is a conclusion of law, to which no response is required. To the extent that it states a claim against Defendant, denied.

75. Denied.

76. Admitted to the extent the counsel sent a letter dated October 23, 2012, which purported to be a 93A demand letter.

## COUNT 1

### Breach of Contract; Promissory Estoppel

77. Defendant reaffirms and re-alleges its responses contained in paragraphs 1 – 76 and incorporates the same herein by reference.

78. Denied.

79. Denied.

80. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

81-88. Denied.

## COUNT II

### Breach of Implied Covenant of Good Faith and Fair Dealing

89. Defendant reaffirms and re-alleges its responses contained in paragraphs 1 – 88 and incorporates the same herein by reference.

90. Denied.

91. This is a legal conclusion to which no response is required.

92. Denied.

93. This is a legal conclusion to which no response is required. To the extent that it states a claim against Defendant, denied.

94. Denied.

95. Denied.

96. Denied.

## COUNT III

### Negligent Misrepresentation

97. Defendant reaffirms and re-alleges its responses contained in paragraphs 1 – 96 and incorporates the same herein by reference.

98. Denied.

99. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

100. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. This is a legal conclusion to which no response is required. To the extent that it states a claim against Defendant, denied.

## COUNT IV

### Wrongful Foreclosure
### (Against Bank of America only)

106 - 118.  These paragraphs do not state a claim against Defendant so no response is required. To the extent that claims may be implied, denied.

## COUNT V

### Intentional Infliction of Emotional Distress

119. Defendant reaffirms and re-alleges its responses contained in paragraphs 1 – 118 and incorporate the same herein by reference.

120. Denied.

121. This is a legal conclusion to which no response is required. To the extent that it states a claim against Defendant, denied.

122. Denied.

123. Denied.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' verified complaint fails to state a claim upon which relief may be granted.

#### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure of consideration.

#### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to lack of standing.

#### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the Statute of Frauds

#### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Parol Evidence rule.

#### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the res judicata.

SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this filing to assert any and all affirmative defenses which discovery may reveal appropriate.

Respectfully submitted,
**FEDERAL HOME LOAN MORTGAGE CORPORATION,**
By its Attorney,

/s/ *Thomas R. Lavallee*
Thomas R. Lavallee, Esq.
BBO# 678863
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458
Direct dial:  (617) 558-8466
Fax:  (617) 243-4038
tlavallee@harmonlaw.com

Dated:  December 17, 2012

**CERTIFICATE OF SERVICE**

I, Thomas R. Lavallee, Esq., hereby certify that this document filed through the CM/ECF system shall be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be sent to those indicated as non-registered participants on December 17, 2012.

/s/ *Thomas R. Lavallee*